# The Atkin Firm, LLC

Attorneys at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
 ---
* Member of NJ, NY, and PA Bar

Tel:  (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

June 10, 2020

**VIA ECF**

The Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

  Re: *Strike 3 Holdings, LLC v. John Doe Infringer identified as using IP address 24.191.191.213*
     **Dkt. No. 1:20-cv-1022-RRM-SJB**

Judge Bulsara:

  As you know, I represent Plaintiff Strike 3 Holdings, LLC ("Plaintiff") in the above-captioned matter.  Plaintiff respectfully submits this letter and the enclosed certification and exhibits in response to the Court's June 4, 2020 text order requiring Plaintiff to "show good cause, by letter filed by 6/11/2020, why an extension of time to serve Defendant is warranted," and noting that "[t]he current motion [Dkt. 5] includes no description of efforts to serve Defendant or explanation as to why additional time is necessary."

  As described in greater detail in the enclosed certification, in early March 2020 Plaintiff attempted to effect personal service of process after filing its initial complaint, but voluntarily suspended those efforts (after three failed attempts) so as to comply with social distancing directions and to avoid exacerbating the public health emergency in New York caused by the COVID-19 pandemic – an exceptional circumstance beyond Plaintiff's control.  Although that health emergency has not ended, Plaintiff renewed its efforts to attempt personal service (with three more attempts) in May 2020, which proved unsuccessful as well.

  After these attempts at personal service failed, Plaintiff then requested that its process server attempt to accomplish service of process through New York's "affix-and-mail" procedure.  *See* Fed. R. Civ. P. 4(e)(1); NY CPLR 308(4).  That procedure requires that personal service attempts be exhausted with due diligence first, and then provides a time line in which the affixing,

The Honorable Sanket J. Bulsara
June 10, 2020

mailing, and the filing of a service of process need to be accomplished before service is considered "complete."

Plaintiff filed the Complaint on February 25, 2020, Dkt. No. 1, and, therefore, was required to effect service of process in this matter by May 26, 2020. *See* Fed. R. Civ. P. 4(m), 6(a)(1)(C). Plaintiff filed its proof of "affix-and-mail" service on June 10, 2020, ECF No. 7, and, thus, service will be "complete" in this matter on June 20, 2020. NY CPLR 308(4). Accordingly, Plaintiff requires, and respectfully requests, a 25-day extension of the current service deadline – to June 20, 2020 – to comply with Fed. R. Civ. P. 4(m). As explained in more detail in the enclosed certification, Plaintiff respectfully submits good cause exists to permit this extension, which is based on the exceptional circumstances of the COVID-19 pandemic, and not any inadvertence or neglect by Plaintiff's counsel.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ John C. Atkin*

John C. Atkin, Esq.

Encl.

cc:   Defendant John Doe Infringer identified as using IP address 24.191.191.213
      (*via* ECF and Regular Mail)